[No. 18986. Department One. April 23, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. C. B. APLIN, *Appellant*.[1]

CRIMINAL LAW (183, 460)—EVIDENCE (142)—PRIOR CONVICTIONS—IDENTITY OF ACCUSED—EVIDENCE—SUFFICIENCY—PAROL EVIDENCE TO VARY OFFICIAL RECORD. In a prosecution for the illegal possession of liquor after having been previously convicted of a violation of the prohibition laws, the accused is sufficiently identified as the person who was convicted in the former case, although the name was slightly different, where there was oral evidence that he was the same person; and the receipt of such evidence does not vary or contradict the written record.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered October 24, 1923, upon a trial and conviction of the unlawful possession of intoxicating liquor. Affirmed.

*John C. Hurspool* and *J. W. Brooks*, for appellant.

*A. J. Gillis*, for respondent.

PARKER, J.—The defendant, Aplin, was charged by information, in the superior court for Walla Walla county, with the offense of unlawful possession of intoxicating liquor; and further, that prior to the date of the offense so charged, he had been convicted in that court of a violation of a penal provision of our intoxicating liquor prohibition statutes. A trial before the court sitting with a jury resulted in a verdict finding the defendant guilty of the offense charged, and also finding that he had been theretofore convicted as charged. Judgment was rendered accordingly against the defendant inflicting increased punishment upon him as provided by § 7339, Rem. Comp. Stat. [P. C. § 3194], relating to convictions for second offenses under our

[1]Reported in 235 Pac. 9.

prohibition statute, from which he has appealed to this court.

The principal contention here made in appellant's behalf seems to be that he was not by the evidence sufficiently identified as the person shown to have been previously convicted by the record of conviction introduced in evidence upon the trial of this case. That record showed the conviction of one C. P. Aplin. This was supplemented by positive oral testimony to the effect that the C. P. Aplin so shown by the record to have been previously convicted was the same person who was charged and being tried in this case. Just how this difference in the name occurred, we are not advised, but the evidence leaves no room to doubt that the jury were fully warranted in believing beyond all reasonable doubt that the defendant is the same person convicted as shown by that record.

It is argued that to receive this oral testimony was to vary and contradict the written record of conviction introduced in evidence. We do not so view this oral testimony. It was nothing more than showing that this defendant, charged and being tried as C. B. Aplin, was the same person who was theretofore charged, tried and convicted as C. P. Aplin. Of course, proof of such a fact must be made with certainty. It was so made in this case. Some other contentions are made and very briefly argued. We think they are so plainly without merit as not to call for further discussion.

The judgment is affirmed.

TOLMAN, C. J., MAIN, BRIDGES, and ASKREN, JJ., concur.